IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUAN PABLO GARNICA,

    Petitioner,

v.                                                            Civ. No. 24-239 SMD/GBW

HECTOR RIOS, *Warden*, and
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

    Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before me on Petitioner Juan Pablo Garnica's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (*doc. 1*) and pursuant to the Order of Reference (*doc. 7*). I RECOMMEND denying the Petition for the reasons explained below.

**I.    Background**

Petitioner was indicted by a grand jury on April 26, 2019, for eleven counts of criminal sexual contact of a minor, one count of false imprisonment, and four counts of intimidation of a witness. *Doc. 9-1* at 9–12. The charged conduct involved sexual abuse of four minor girls during various periods ranging from 2013 through 2018. *Id*.

Petitioner was tried by a jury in the Court of Doña Ana, Third Judicial District, on June 6, 7, and 8, 2022. On the second day of trial, after the close of the State's

evidence and in response to witness testimony, the State moved orally to amend the indictment. The court granted the State's motion in part. *Id.* at 68–69. Pertinent to Petitioner's habeas claims, the alleged dates of the offenses were amended for seven counts of the indictment. *Id.* The new dates ranged from 2012 to 2019, and some of the charged periods varied by over a year from the original indictment. *Id.*

On June 8, 2022, the jury found Petitioner guilty on ten counts of criminal sexual contact of a minor and four counts of intimidation of a witness. *Id.* at 46–59. On August 26, 2022, Petitioner was sentenced to 15 years' imprisonment. *Id.* at 100–05. Petitioner appealed. The judgment and sentence were affirmed by the New Mexico Court of Appeals on February 22, 2023. *Id.* at 148. The New Mexico Supreme Court denied certiorari on March 14, 2023. *Id.* at 163. Petitioner filed for relief in this Court on March 8, 2024. *Doc. 1*.

## II.   Standard of Review

Petitions for habeas relief from a state court judgment are governed by § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>     (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2

>       (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The requirement that the state court's decision must contravene a decision "by the Supreme Court of the United States" is strictly construed; lower federal court precedents, Supreme Court dicta, and Supreme Court "holdings that speak only at a high level of generality" are all insufficient grounds for relief.  *Brown v. Davenport*, 596 U.S. 118, 136 (2022) (citations omitted).  Habeas corpus is "not a substitute for ordinary error correction through appeal," but rather functions as a "guard against extreme malfunctions in the state criminal justice systems."  *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 322 n.5 (1979) (Stevens, J., concurring)).  Accordingly, the writ may issue only in cases "where there is no possibility fairminded jurists could disagree that the state court's decision conflicts" with the Supreme Court's precedents.  *Id*. at 102.

## III.   Analysis

Petitioner raises two grounds for relief under § 2254: (1) the sufficiency of the evidence to support his convictions, and (2) the trial court's amendment of the dates in the indictment to conform to the evidence.

### A.   Exhaustion

As a preliminary matter, the undersigned finds Petitioner has exhausted his state court remedies.  A federal court cannot grant a petition under § 2254 unless the

3

petitioner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The petitioner is limited to the arguments raised before the state court. *See Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006).

Petitioner appealed his conviction directly to the New Mexico Court of Appeals, which affirmed the district court's judgment and sentence, and then to the New Mexico Supreme Court, which denied certiorari. *Doc. 9-1* at 132–64. On appeal before the state courts, Petitioner argued that amending the dates on the indictment violated his constitutional rights and that there was insufficient evidence to support a conviction. *Id*. at 137–47, 152–62. He reprises those arguments here. Because the claims were presented to the state courts and denied on the merits, Petitioner has exhausted his remedies and the Court may proceed to the analysis under § 2254(d).

B.      Ground One: Insufficient Evidence

As the first ground for relief, Petitioner challenges the sufficiency of the evidence to support his convictions. *Doc. 1* at 8. However, his underlying theory appears to be a notice-based argument that the trial court erred by allowing amendment of the offense dates in the indictment. He states as supporting facts:

4

> During trial, the state was permitted to amend the dates of allegations of sex offenses between 2013 and 2018. Testimony for time frames for charges were outside of window specified in the indictment. Petitioners [sic] right to be given adequate understanding of proposed new days, months and years alleged sex offenses were committed.

*Id*. This argument about the constitutionality of the amended indictment is substantively the same as his second ground and will be addressed below.

To the extent Petitioner intends to reprise his argument on direct appeal that insufficient evidence supported the convictions, the undersigned finds no basis for relief. Petitioner must show that the New Mexico Court of Appeals' decision was "contrary to, or involved an unreasonable application of" clearly established federal law, or that it was "'based on an unreasonable determination of the facts' in light of the state court record." *Cavazos v. Smith*, 565 U.S. 1, 6 (2011) (citing *Harrington*, 562 U.S. at 100; 28 U.S.C. § 2254(d)). "[E]vidence is sufficient to support a conviction so long as 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id*. at 7 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The New Mexico Court of Appeals found there was sufficient evidence to support Petitioner's convictions, namely, the testimony of four minor victims. *Doc. 9-1* at 149. Petitioner offers no reason to believe—and none appears on the record—that a rational trier of fact could not have found their testimony credible. The undersigned therefore recommends denying relief on the first ground.

5

C.      Ground Two: Amendment of Dates in the Indictment

Petitioner argues that the trial court "abused its authority" by allowing amendment of the indictment during the trial. *Doc. 1* at 9. The New Mexico Rules of Criminal Procedure allow amendment "at any time" and provide that no variance is grounds for acquittal "unless such variance prejudices substantial rights of the defendant." Rule 5-204(c) NMRA. The New Mexico Court of Appeals applied the rule and case law to determine that Petitioner's rights were not prejudiced by amendment of the charged time periods. *Doc. 9-1* at 150–51.

The Fifth Amendment's grand jury requirement does not apply to the states. *Hurtado v. California*, 110 U.S. 516, 538 (1884). However, as Petitioner's counsel argued before the state court,[1] the Sixth Amendment guarantees the defendant's right to notice of the charges brought against him. *See Hunter v. New Mexico*, 916 F.2d 595, 598 & n.5 (10th Cir. 1990) (applying the Sixth Amendment to assess a variance on petition under § 2254). It is well settled Supreme Court precedent that "an indictment may not be amended except by resubmission to the grand jury, unless the change is merely a matter of form." *Russell v. United States*, 369 U.S. 749, 770 (1962). However, not every change to the indictment represents an unconstitutional amendment. "An indictment is amended when it is so altered as to charge a different offense from that found by the

---

[1] Petitioner's counsel also argued that the due process clause of the Fourteenth Amendment was implicated. *See* doc. 9-1 at 141, 156. This argument was not well articulated and appears to rest on the same notice-based concerns protected by the Sixth Amendment.

6

grand jury." *United States v. Miller*, 471 U.S. 130, 144–45 (1985) (quoting *Ex Parte Bain*, 121 U.S. 1 (1887)); *see also Stirone v. United States*, 361 U.S. 212, 213 (1960) ("The crucial question here is whether [the defendant] was convicted of an offense not charged in the indictment."). The distinction is fact-dependent and not always easily determined; the Tenth Circuit has characterized the difference between a permissible variance and an impermissible amendment as "sketchy." *United States v. Farr*, 536 F.3d 1174, 1181 (10th Cir. 2008) (quoting Wright & Miller § 128).

The rule in this circuit is that "[a] variance between the date alleged in the indictment and the date of the commission of the offense as shown by the evidence is generally not fatal," but the defendant must have committed the charged offense on a date "reasonably near" to the date alleged in the indictment. *United States v. Charley*, 189 F.3d 1251, 1272–73 (10th Cir. 1999) (quoting *United States v. Harmon*, 486 F.2d 363, 366 (10th Cir. 1973); *United States v. Castillo*, 140 F.3d 874, 885 (10th Cir. 1998)); *see also United States v. Miles*, 546 F. App'x 730, 733 (10th Cir. 2012) ("[T]he district court did not address the seven-month temporal disparity here in light of our case law requiring that the date of the offense be 'reasonably near to the specified date alleged in the indictment'"). What counts as "reasonably near" has been defined as at least "a few weeks," but may include a greater interval depending on the "circumstances of the case." *Charley*, 189 F.3d at 1273 (citing *Kokotan v. United States*, 408 F.2d 1134, 1138 (10th Cir. 1969)). These decisions—although they involve federal convictions, and therefore

7

implicate the Fifth Amendment's grand jury guarantee as well as the Sixth Amendment right to notice—offer some support for Petitioner's argument that the amendment of the charged dates during trial was improper.

But to resolve Petitioner's claims, the Court need not determine whether the amendment of the indictment was proper in the first instance. To grant relief under § 2254(d)'s highly deferential standard, the Court would have to determine that no "fairminded jurist[]" could find the Court of Appeals' decision was in accordance with the Supreme Court's precedents. *Harrington*, 562 U.S. at 102. Applying the relevant Supreme Court case law, a reasonable jurist could find the amended indictment was not "so altered as to charge a different offense," *Miller*, 471 U.S. at 144–45, and thereby deprive Petitioner of notice of the charges against him. Petitioner was convicted of the same offenses charged in the indictment (i.e., criminal sexual contact of a minor and intimidation of a witness), which were perpetrated in the same manner and against the same victims identified in the indictment. *C.f. Hunter*, 916 F.2d at 599 (finding a fatal variance in charging dates where, due to the passage of new laws, the altered dates supported elements of an entirely different criminal offense). Although the variance between the original and amended dates is substantial—in some cases more than a year—the dates originally charged spanned approximately six years, and an alteration of less than two years could arguably be found reasonable under the circumstances of the case. *See Charley*, 189 F.3d at 1273. At the very least, there is room for fairminded

argument about whether the change in dates was great enough that Petitioner was "convicted of an offense not charged in the indictment." *See Stirone*, 361 U.S. at 213.

Moreover, as the New Mexico Court of Appeals determined, it does not appear that Petitioner was prejudiced by the alteration of the dates. *See Miller*, 471 U.S. at 134 (a defendant's notice-related rights are affected only where he was "prejudicially surprised" by the variance, or where it "prejudiced the fairness" of his trial). Petitioner's counsel acknowledged on direct appeal that the trial court "mitigated the prejudice to [Petitioner]" by allowing him to introduce evidence about inconsistencies in the witnesses' stories, *doc. 9-1* at 143, 158, and Petitioner asserts only generally that the changed dates "doomed his fair tr[ia]l defense with contrary testimony and earlier statements made in court," *doc. 10* at 1. There is no specific argument about prejudice, nor is there any indication on the face of the record that Petitioner was unfairly surprised or otherwise prejudiced by the amendment of the dates.

In short, because there is no indication that the New Mexico Court of Appeals erred to the "extreme" degree required to justify relief under § 2254(d), *see Harrington*, 562 U.S. at 102–03, I recommend denying Petitioner's claims on the second ground.

**IV.   Conclusion**

For the foregoing reasons, I find no basis for relief under § 2254 and therefore RECOMMEND that the Petition be DENIED.

9

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE